Frederick L. and Catherine V. Sullivan v. Commissioner.
Sullivan v. Commissioner
Docket No. 2162-66.
United States Tax Court
T.C. Memo 1968-111; 1968 Tax Ct. Memo LEXIS 185; 27 T.C.M. (CCH) 538; T.C.M. (RIA) 68111; June 11, 1968. Filed *185 Bad debt deduction disallowed for failure to prove worthlessness in the taxable year. Kenneth F. Kane, CPA, 41 Arlington St., Brockton, Mass., for the petitioners. Robert B. Dugan, for the respondent. 539 DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax for 1964 in the amount of $558.65. The sole issue for decision is whether petitioners were entitled to a bad debt deduction in the amount of $1,000 in the taxable year in issue. [1]
There *186 was no pretrial stipulation of facts in this case. Findings of Fact Petitioners were residents of Brockton, Mass., at the time they filed their petition with this Court. They filed their joint Federal income tax return for 1964 with the district director of internal revenue, Boston, Mass. Catherine V. Sullivan is a petitioner herein only by virtue of having filed a joint return with her husband. Hereafter, reference made to petitioner will be to Frederick L. Sullivan. Petitioner taught accounting in 1964 and his wife was a social worker. Prior to that time he was in business as a controller and had taught accounting for many years. In 1962 petitioner was approached by Joseph O'Reilly, his son-in-law (hereinafter referred to as O'Reilly), requesting him to cosign or guarantee a note to be executed by O'Reilly as evidence of a loan from a bank to O'Reilly. O'Reilly was in the building business in 1962. He had experienced some financial misfortunes, and he was still in financial difficulty at the time he requested his father-in-law's signature for purposes of obtaining a loan. The loan would not have been available without petitioner's signature. Petitioner agreed to sign the *187 note, which was dated November 1, 1962, was in the amount of $2,000, and was payable in 90 days. Petitioner had cosigned a prior note for O'Reilly for a similar type and had been repaid at the time of the present transaction. At the end of the 90-day period, O'Reilly did not meet the note nor any of the interest payments. The bank requested payment of petitioner of half of the $2,000 in August 1964. The bank had made some prior efforts to collect from O'Reilly, but it had been unsuccessful in its attempts to do so. It did not bring suit against him because it knew that there would be no difficulty in collecting from petitioner as cosigner. As of August 1964, the bank had received only a few interest payments from O'Reilly. After paying the $1,000 petitioner did not make any efforts to collect from O'Reilly through legal action or otherwise, and he subsequently paid the balance of the note. In 1964 O'Reilly was still in the construction business. He would contract to build a home for someone who was willing to do his own financing. At no time between 1962 and 1964 did O'Reilly go through bankruptcy. Sometime prior to 1962, petitioner's daughter (O'Reilly's wife) began teaching elementary *188 school at a salary that was not disclosed during trial. Ultimate Finding of Fact Petitioner has failed to prove that the debt in question was wholly worthless in 1964. Opinion A deduction for a debt that has become worthless within the taxable year is allowed under section 166(a), I.R.C. 1954. [2] The regulations promulgated thereunder state that the "debt" must be bona fide and that whether the debt is worthless will be determined from all the pertinent evidence. [3]
With respect to the bona fides of the debt, respondent argues that the petitioner is no more than a mere cosigner of the note which he paid and with respect to which he is seeking a deduction for a *189 bad debt as guarantor. While the record leaves considerable doubt whether petitioner signed the note as cosigner or as guarantor, we do not feel that it is necessary to discuss that question because our conclusion that petitioners have failed to prove that the alleged "debt" was worthless in the taxable year is decisive of the issue. Taxpayer has the burden of proving that the debt became worthless in the year in 540 which the deduction is claimed. Earl V. Perry, 22 T.C. 968, citing Redman v. Commissioner, 155 F. 2d 319. Worthlessness is an objective question of fact to be determined from all the evidence; and this Court is reluctant to determine that a debt is worthless on the opinion of the taxpayer alone, in the absence of evidence of facts upon which that opinion is based. R. A. Bryan, 32 T.C. 104, affd. 281 F. 2d 238. Petitioner has failed to meet his burden of proof on the issue of worthlessness. He indicated that the bank attempted to collect payments on the note from O'Reilly. However, petitioner offered no testimony nor any witnesses to explain precisely how the bank did this. In addition, he testified that he *190 supposed the bank found it easier to proceed against him than against his son-in-law and thereby save the expense of legal action. Having failed to specify in what manner the bank attempted to collect on the note from O'Reilly, petitioner does not persuade us that he tried to collect on the note, that O'Reilly was in such financial condition that he could not pay the note if payment was demanded, or that legal action against O'Reilly would not have had the desired effect, i.e., reimbursement for the funds paid on behalf of O'Reilly. Petitioner apparently made no attempt to collect any money from O'Reilly. He testified that it would have been embarrassing to him and improper for him to do so because his daughter was forced to work and O'Reilly had been through hard times and clearly could not pay. No occasions are mentioned, however, wherein petitioner ever even asked O'Reilly for payment and was refused. Finally, petitioner indicated that O'Reilly was still in the construction business in 1964; although he was unable to finance the houses he built, he could take on work if the customer provided the funds. O'Reilly never filed a petition in bankruptcy. There was no balance sheet *191 presented of his financial condition. Consequently, the mere statement by petitioner that legal action against O'Reilly would have been futile is inconclusive. While we can sympathize with petitioner in his reluctance to take steps to collect the debt from his son-in-law and recognize that it is not necessary for a taxpayer to bring suit to prove worthlessness of the debt if it is clear that such action would be useless, nevertheless the existence of the close family relationship does not relieve the taxpayer from his burden of proving that the debt was worthless. [4] See Acheson v. Commissioner, 155 F. 2d 369, affirming a Memorandum Opinion of this Court, cited with approval in Investers Diversified Services, Inc. v. Commissioner, 325 F. 2d 341. This petitioner has completely failed to do by competent and convincing evidence.
*192 Because of the failure by petitioner to prove that the alleged debt became worthless in 1964, we hold for respondent. Decision will be entered under Rule 50. Footnotes
1. The deficiency with respect to the issue in this case is $267.80 of the original $558.65, as petitioners did not assign as error in their petition the adjustments giving rise to the remainder of the deficiency.↩
2. SEC. 166. BAD DEBTS. (a) General Rule. - (1) Wholly worthless debts. - There shall be allowed as a deduction any debt which becomes worthless within the taxable year. ↩
3. Income Tax Regs.: Sec. 1.166-2. Evidence of worthlessness. (a) General rule. In determining whether a debt is worthless in whole or in part the district director will consider all pertinent evidence, including the value of the collateral, if any, securing the debt and the financial condition of the debtor.↩
4. The burden might even be somewhat heavier under such circumstances to negative the suggestion that the failure to make any effort to collect a debt from a relative evidences a gift. Estate of Carr V. Van Anda, 12 T.C. 1158, affirmed per curiam 192 F. 2d 391. See Elwin L. Suman, T.C. Memo. 1967-84↩.